UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALLEN SHAW,

                              Plaintiff,          9:21-CV-0471
                                                      (DNH/ATB)

    v.

ANTHONY J. ANNUCCI, Acting
Commissioner, D. VENETTOZZI,
Director, Special Housing, and
JAMES O'GORMAN, Deputy
Commissioner,

                              Defendants.

---

APPEARANCES:

ALLEN SHAW
15-A-4202
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

      On April 26, 2021, *pro se* plaintiff Allen Shaw ("Shaw" or "plaintiff") commenced this civil rights action by filing a complaint. Dkt. No. 1. On July 20, 2021, the Court issued a Decision and Order granting plaintiff's applications to proceed in the action in forma pauperis ("IFP"). Dkt. No. 16 ("July Order") at 10. However, the July Order conditionally dismissed plaintiff's complaint without prejudice pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A") for failure to state a claim upon which relief may be

granted unless he submitted an amended complaint correcting the pleading defects identified with his complaint. *Id*. The Court has since received from plaintiff an amended complaint, Dkt. No. 19 ("Am. Compl."), which has been accepted for filing and forwarded for review.

## II. **REVIEW OF PLAINTIFF'S AMENDED COMPLAINT**[1]

Like the original pleading, Shaw's amended complaint is not a model of clarity. Based on the allegations in the amended complaint, it appears that plaintiff was incarcerated in Great Meadow Correctional Facility ("Great Meadow C.F.") at all times relevant to this action. *See* Am. Compl. at 7 (describing that plaintiff was issued an inmate misbehavior report by defendant A. Griffin, who is identified as a Great Meadow C.F. Correctional Officer).

The amended complaint names the following individuals as defendants: (1) New York State Department of Corrections and Community Supervision ("DOCCS") Acting Commissioner Anthony J. Annucci; (2) DOCCS Direct of Special Housing D. Venettozzi; (3) DOCCS Deputy Commissioner James O'Gorman; (4) Great Meadow C.F. Correctional Officer A. Griffin; and (5) Great Meadow C.F. Correctional Officer Supervisor C. Thompson. *See id.* at 2-3, 6. The following facts are as alleged in the complaint.

During a superintendent's hearing at Great Meadow C.F., Shaw submitted some affidavits. Am. Compl. at 6. He similarly submitted an affidavit in connection with an appeal. *Id.* According to plaintiff, "[t]here was given 3 opportunitys for the Acting Commissioner, Deputy Commissioner, Director, Special Housing and/or who it may concern to give a answer and they fail to do so." *Id.* (errors in original).

During the hearing, Shaw alleges he "was force[d] into a contract," despite telling the

---

[1] The legal standard governing the review of a *pro se* inmate-plaintiff's complaint pursuant to Sections 1915 and 1915A was discussed at length in the July Order. *See* July Order at 3-4.

2

hearing officer that he did not "wish to do business nor enter into a contract with him or/and his place of business." *Id.* (internal quotation marks omitted). Plaintiff was "place[d] in confinement for 60 days" as punishment "for not entering into a contract." *Id.* at 7. Plaintiff's complaint asserts due process and malicious prosecution claims against the defendants. *See id*. at 6.

### A. Analysis

Even liberally construed, Shaw's amended complaint fails to assert a cognizable cause of action.

#### 1. Procedural Due Process

To the extent that plaintiff attempts to assert a procedural due process claim related to his allegations that he was "place[d] in confinement for 60 days," Am. Compl. at 7, that claim must be dismissed for the same reasons as those stated in the July Order with respect to the procedural due process claim asserted in the original complaint. *See* July Order at 6-9. Plaintiff's amended complaint alleges no new facts that would correct the pleading deficiencies already identified in the July Order.

#### 2. Malicious Prosecution

To state a plausible malicious prosecution claim under 42 U.S.C. § 1983 ("Section 1983")[2] or New York law, a complaint must plausibly allege "(1) the initiation or continuation of a criminal proceeding against [the] plaintiff; (2) termination of the proceeding in [the] plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Manganiello v. City of N.Y.*, 612 F.3d 149,

---

[2] The Court has assumed for purposes of this Decision and Order that the malicious prosecution claims are brought under both state and federal law.

161 (2d Cir. 2010) (internal quotation marks omitted); *accord Kee v. City of N.Y.*, 2021 WL 3852241, at *7 (2d Cir. Aug. 30, 2021). To establish a Section 1983 malicious prosecution claim, a plaintiff must also allege that the defendant was a state actor and identify a violation of his Fourth Amendment rights. *Manganiello*, 612 F.3d at 161; *Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017).

Upon review, Shaw's amended complaint fails to plausibly allege any of the required elements of a malicious prosecution claim. The amended complaint alleges only that plaintiff became an unwilling party to an unspecified contract in connection with a "superintendent's hearing" and an "appeal." *See* Am. Compl. at 6-7. These allegations do not plausibly suggest that plaintiff was charged with a crime without probable cause or that a criminal proceeding terminated in his favor. Moreover, there are no allegations that any of the defendants acted with malice. Accordingly, plaintiff's malicious prosecution claims asserted against the defendants are dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's amended complaint (Dkt. No. 19) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

2. The Clerk of the Court is directed to serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: September 8, 2021
       Utica, New York.

_____
United States District Judge